**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **KEYLA NATHACHA DUARTE-GELVEZ,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1867-KC** |
| **EL PASO PROCESSING CENTER,** | § | |
| **Respondent.** | § | |

**ORDER**

On this day, the Court considered the case. On July 22, 2026, the Court ordered Keyla Nathacha Duarte-Gelvez to file a reply to Respondents' Response, ECF No. 4, answering specific questions by August 12. July 22, 2026, Order, ECF No. 5.

Duarte-Gelvez has now filed a Reply, ECF No. 11, in which she states that she received a bond hearing on August 5, 2026, and was denied bond on the basis of danger and flight risk. *Id.* ¶¶ 2–3.

When a petitioner has already received an individualized custody determination, this Court lacks jurisdiction to sit in review of the IJ's discretionary finding that they are a flight risk or danger and therefore should be denied bond. *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citation omitted). In other words, whether the Court agrees with the IJ's determination regarding Duarte-Gelvez's risk of flight is of no importance—it simply lacks the power to review that determination.

Nor does it appear that Duarte-Gelvez is subject to a final order of removal, which would trigger a new claim and different reasonableness standard for prolonged detention. *See generally*

Pet.; Reply; *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). Thus, her Petition does not raise any viable claims at this time.

Accordingly, the Court **ORDERS** that the Petition, ECF No. 3, is **DISMISSED** without prejudice to refiling if any new claims accrue.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 21st day of August, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE